## MANUEL TONCHE V. STATE

No. 29,005. May 29, 1957.

*Simon Y. Rodriguez*, Crystal City, for appellant.

*G. Curtis Jackson*, County Attorney, Crystal City, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

In a trial before the court on a plea of not guilty, appellant was adjudged guilty of an aggravated assault and assessed a fine of $50.

The grounds of aggravation alleged in the complaint and information were that the assault was made "wilfully, with premeditated design and by the use of means calculated to inflict great bodily injury, to-wit: by the use of rocks."

Anastacio Rivera, the injured party, testified that he had a fight with appellant at a cafe, that he had some beer but was not very drunk; that he did not know how the fight started; that he stabbed appellant during the fight and that appellant hit him on the head with a beer bottle, following which he went down the street to the house of a relative.

It is apparent that the state did not rely upon appellant's conduct during this encounter, but upon Rivera's testimony as to what happened upon his return about ten minutes later "to take his pickup home."

As to this occurrence, the witness testified that on his return Tonche had cursed him and thrown some rocks at him; that he had bruises and cuts on the head caused by the rocks Tonche had thrown at him; that Manuel Tonche had told him he wanted to kill him while he was cursing him.

Deputy Sheriff Burdett testified that he asked appellant why he had hit Rivera on the head with a rock, and that appellant replied "He stabbed me with a knife, why shouldn't I hit him on the head."

The officer further testified that he had seen many cuts and the one on the back of Rivera's head looked as if it had been made by a rock.

Appellant testified and admitted that he had been involved

in a fight with Rivera; had hit him on the head with a beer bottle, and had thrown another beer bottle at him as Rivera was running out the door, because he was attacked by Rivera and had been stabbed by him. He denied there was any second incident or that he threw any rocks at Rivera.

There is no other description of the wound which the injured party claims was inflicted upon him by a rock thrown by appellant and no evidence as to the size or other description of the rock which would support a finding that it was "a means calculated to inflict great bodily injury," as charged in the information.

The state then is relegated to the theory that the assault was aggravated because it was made "with premeditated design."

The second episode to which the injured party testified appears to have been no more than a continuation of the fight which resulted in appellant being stabbed and Rivera being hit with a bottle. The injured party testified that he did not know why this fight started.

There is nothing to show that appellant knew that Rivera would return for his pickup or that he premeditated or formed the intent to assault him upon his return. The evidence is therefore insufficient to sustain a finding that such assault with rocks, if committed, was made with premeditated design.

The judgment is reversed and the cause remanded.